# 42 U.S.C. § 1983
# CIVIL COMPLAINT

Murphy Edwards

                        **Plaintiff,**

**Vs.**

ROBERT E. CARTER, JR., et al.

                        **Defendants.**

**CASE NO.** 1:22-cv-01588-SEB-DLP

---

**FILED**

**08/10/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

MurPhY Edwards
    **Plaintiff,**          )

)

)        **Case No.** _1:22-cv-01588-SEB-DLP_

)

)

)

)

)

)

)

)

)

)

         Vs.            )           **COMPLAINT**

)       **JURY TRIAL DEMANDED**

**ROBERT E. CARTER, Jr.**, Commissioner ;)

**Dr. DAUSS, I.D.O.C.** Medical Director;    )

**DENNIS REAGAL**, Warden;        )

**INDIANA DEPARTMENT OF CORRECTIONS** ;)

**CENTURION MEDICAL PROVIDER,** Each are sued )

in their individual and in his (or her) official )

Capacity.                     )

At all times mentioned in this Complaint    )

each defendant acted under the color of      )

State law;                       

         **Defendants.**           )

## VERIFIED COMPLAINT FOR DAMAGES AND

## INJUNCTIVE RELIEF

## I. Introduction

1. This is a 42 U.S.C. §1983 action Complaint filed by Plaintiff, *Murphy Edwards*

   prisoners alleging violation of their constitutional rights to adequate conditions of confinement

   and adequate medical care in prison seeking injunctive relief and money damages.

## II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action

   arising under the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks

   to redress the deprivation, under color of State law, of the rights secured by acts of Congress

   providing for equal rights of persons within the jurisdiction of the United States.

4. The United States District Court for the Southern District of Indiana, Indianapolis Division is

   an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise

   to this claim occurred.

5. Plaintiff seek declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

6. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and also Rule

   65 of the Federal Rules of Civil Procedure.

7. The Court has Supplemental Jurisdiction over Plaintiff State law claims under 28 U.S.C. §

   1367.

## III.  Parties

8.  Plaintiff, **Murphy Edwards** is and was at all times mentioned herein a prisoner of the State of Indiana in the custody of the Indiana Department of Corrections.  He is currently confined in Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana  46064

9.  Defendant Robert E. Carter, Jr., at all relevant times mentioned was the Commissioner for the State of Indiana; his role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

— State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN  46204-2738.

10.  Defendant Dr. Dauss, at all relevant times mentioned was the Indiana Department of Corrections Medical Director; her role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

— State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN  46204-2738.

11. Defendant Dennis Reagle, at all relevant times mentioned was the Warden for Pendleton Correctional Facility; his role is to make sure that the Indiana Department of Corrections prison officials and also their private medical contractors are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

— Pendleton Correctional Facility 4490 West Reformatory Road, Pendleton, IN 46064.

12. Defendant Indiana Department of Corrections, at all relevant times mentioned was the Corporation and their employees and private medical contractors that are employed as prison officials are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities.

— State of Indiana Department of Corrections, 302 W. Washington St., Rm E334, Indianapolis, IN 46204-2738.

13. Defendant Centurion Medical Provider, at all relevant times mentioned was the private medical contractor for the Indiana Department of Corrections; their role is to ensure that incarcerated offenders are receiving adequate medical services.

— Centurion Health, 334 North Senate Avenue, Indianapolis, IN 46204.

### IV.  Exhaustion of Available Remedies

14. Plaintiff have exhausted all of his administrative remedies before filing this complaint.

### V.  Factual Statement

15. On November of 2021 through June 7, 2022 Plaintiff, _MurPhY Edwards_

had got injured from showering, drinking and consuming contaminated water that has

legionella bacteria and other possible bacteria and chemical contaminates that are from old

lead piping that are decades old at Pendleton Correctional Facility.

16. The Plaintiff injuries are cough, headaches, abdomen pains, muscle aches, shortness of breath,

nausea, cold chills, fever and diarrhea, stool complications, cardiovascular problems and

possible kidney problems.  These injuries came from the Defendants' Robert E. Carter, Jr., Dr.

Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider

policies and practices and their failure to treat the plaintiff injuries from contaminated water,

and as of June 30, 2022 the Defendants still has shown total disregard to address the Plaintiff

injuries.

17. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of

Corrections and Centurion Medical Provider was liable from their policies, practices and

customs and they were deliberately indifferent in making sure that there is an adequate number

of the Indiana Department of Corrections employees and the Centurion Medical Provider

employees to transport the Plaintiff to a medical department to be seen by a nurse and a

physician after the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches,

shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular

problems and possible kidney problems.  These injuries came from the contaminated water at

the prison.  Pendleton Correctional Facility is short-staffed.

18. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider was liable from their policies, practices and customs and they were deliberately indifferent in making sure that the old lead piping at Pendleton Correctional Facility were replaced after receiving reports from the Plaintiff that the water was contaminated and also receiving reports from outside private contractors and the news media that the water was contaminated. The Defendants had cared less to remedy the problem with the old lead piping.

19. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider was liable from their policies, practices and customs and they were gross when they had retaliated against the Plaintiff, Murphy Edwards when they continue to deny the Plaintiff medical care when the Plaintiff was experiencing cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. The Defendants had treated the Plaintiff as a nuisance because the Plaintiff kept constantly seeking medical care from the Defendants because the Plaintiff was in pain from consuming and showering with contaminated water.

20. Upon information and belief one incarcerated man had died from contaminated water and five men incarcerated at the prison had been hospitalized for treatment. Please see Exhibit A, that is attached to the back of this complaint.

21. All the Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider through their policies, practices and customs when they had violated 42 U.S.C. § 300F et. seq. (1974) The Safe Drinking Water Act (SDWA) when they failed to have quality of drinking water at Pendleton Correctional Facility that injured the Plaintiff when he had consumed and bathed from the contaminated water. Please see Exhibit B, that is attached to the back of this complaint.

## Claims For Relief

### A.  Denied Medical Care Claims

22. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs and also their deliberately indifference to the Plaintiff, Murphy Edwards health and safety when they failed to provide adequate medical care to the Plaintiff when he had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correctional Facility in the month of November 2021 through June 30, 2022.  This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

23. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs and also their deliberately indifference to the Plaintiff, _Murphy Edwards_____ health and safety when the Defendants knew and disregarded having an adequate number of the Indiana Department of Corrections employees and the Centurion Medical Provider employees to transport the Plaintiff to a medical department at Pendleton Correctional Facility so that they can be treated and seen by a nurse and a physician when the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correctional Facility. Pendleton Correctional Facility is understaffed this incident happened from November of 2021 through June 7, 2022. This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### B. Environmental Hazards
### Conditions of Confinement Claims

24. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of

Corrections and Centurion Medical Provider are liable from their policies, practices and

customs and also their deliberately indifference to the Plaintiff,

_Murphy Edwards_____ health and safety

when the Defendants had failed to replace the lead piping at Pendleton Correctional Facility

that has contaminated water from bacteria and chemicals from the lead piping that caused the

Plaintiff to have headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold

chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney

problems from bathing and consuming the contaminated water. This is an environmental

Hazard and constitutes deliberate indifference to the Plaintiff basic human needs in his

conditions of confinement at Pendleton Correctional Facility in violation of the Eighth

Amendment to the United States Constitution.

## C. Retaliation Claims

25. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider had retaliated against the Plaintiff, <u>Murphy Edwards</u> when the Defendants had treated the Plaintiff as a nuisance and denied his medical care because the Plaintiff kept constantly seeking medical care from the Defendants because the Plaintiff was in pain consuming and showering with contaminated water that cause the Plaintiff to experience cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. This constitutes retaliation for the Plaintiff using his Freedom of Expression to seek medical care that was denied by the Defendants in violation of the First Amendment to the United States Constitution.

### D. Negligence State Law Claims

26. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of

Corrections and Centurion Medical Provider had neglected the Plaintiff,

_Murphy Edwards_ medical care when he was

sick from contaminated water from the lead piping at Pendleton Correctional Facility that

caused the Plaintiff to have illnesses such as cough, headaches, abdomen pains, muscle aches,

shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular

problems and possible kidney problems. The Defendants knew that there was harmful bacteria

and chemicals in the water and they refused to change the lead piping at Pendleton Correctional

Facility and they careless to render medical services to the Plaintiff. This constitutes

negligence under State law in violation of the Eighth Amendment to the United States

Constitution.

**E.  Violation of 42 U.S.C. § 300F et seq. (1974)**
**The Safe Drinking Water Act (SDWA) Claims**

27. Defendants' Robert E. Carter, Jr., Dr. Dauss, Dennis Reagle, Indiana Department of Corrections and Centurion Medical Provider are liable from their policies, practices and customs when the Defendants was deliberately indifferent in providing quality safe drinking water at Pendleton Correctional Facility that injured the Plaintiff, Murphy Edwards when they have consumed and bathed from the contaminated water that has harmful bacteria and chemicals in the water from the lead piping at the prison. The Plaintiff is suffering from cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems from bathing and consuming the contaminated water.  The Defendants had violated 42 U.S.C. § 300F et seq. (1974) The Safe Drinking Water Act (SDWA).  The Safe Drinking Water Act (SDWA) was established to protect the quality of drinking water in the U.S.  This law focuses on all waters actually or potentially designed for drinking use, whether from above ground or underground sources.

**Relief Requested**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment right to adequate medical care;

B. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights to have their basic human needs met in their conditions of confinement;

C. Declare that all Defendants in this complaint had violated Plaintiff First Amendment rights to Freedom of Expression to seek medical care from the Defendants and was denied from the Defendants because they felt the Plaintiff was a nuisance this is retaliation against the Plaintiff;

D. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights when they neglected treating the Plaintiff injuries from contaminated water at Pendleton Correctional Facility;

E. Declare that all Defendants in this complaint had violated 42 U.S.C. § 300F et seq. (1974) The Safe Drinking Water Act (SDWA) when the Defendants had disregarded providing quality safe drinking water for the Plaintiff at Pendleton Correctional Facility;

F. Issue an injunction ordering the Defendants to:

    1. Replace the old lead piping that cause harmful bacteria and chemicals in the water to be contaminated at Pendleton Correctional Facility.

    2. To render outside medical care by a license medical provider to give adequate medical care to the Plaintiff that was injured from the harmful bacteria and chemicals from the contaminated water at Pendleton Correctional Facility.

G. Award compensatory damages for Plaintiff physical and emotional injuries in the amount of $ _1 Million Dollars_ joint and severely from Defendants;

H. Award punitive damages for the amount of $ _75,000.00_ against each Defendant;

I. Provide cost for Plaintiff for all jury proceedings and Court cost; and

J. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

Signature: _____

D.O.C. # _250687_

Date: _8/6/2022_

Address: **Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, IN 46064**

## Verification

Affidavit or Declaration of verification, the affiants swears or declares that the facts stated in a

document (e.g., Complaint) are true to his knowledge, and that the facts stated on information

and belief are true to the best of his knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify or state) under penalty of perjury that

the following is true and correct.

1. **Signature:** _M_____
   **D.O.C. #** _250687_____
   **Date:** _08___ - _06___ - _2022___

**Address:  Pendleton Correctional Facility,**
**4490 West Reformatory Road, Pendleton, IN 46064**